Dear Mr. Ainsworth:
This opinion is in response to the following questions:
 1. Is the Missouri Office of Administration, a state agency, required to pay the Workmen's Compensation tax pursuant to Sections 287.730 and 287.690, RSMo 1978?
 2. Is the Missouri Office of Administration, a state agency, required to on or before the first day of March of each year file a return with the Director of the Division of Insurance pursuant to Section 287.710, RSMo 1978?
 3. Is the Missouri Office of Administration also required to pay the Second Injury Fund assessment pursuant to Section 287.715, RSMo 1978?
For purposes of discussion, we note that the Workers' Compensation Law applies to all state employees. See, Sections 105.810
and 105.830, RSMo 1978. A state employee is defined as "any person who is an elected or appointed official of the state of Missouri or who is employed by the state and earns a salary or wage in a position normally requiring the actual performance by him of duties on behalf of the state." Section 105.800, RSMo 1978. The term "employer" is defined in the Workers' Compensation Law to include the State of Missouri. Section 287.030.1(2), RSMo Supp. 1981. If an employer subject to the Workers' Compensation Law elects to become self-insured, its liability under Chapter 287 becomes direct and primary. Section 287.300, RSMo 1978. The Missouri General Assembly expressly provided the State of Missouri with the option of becoming a self-insurer and assuming the liability imposed by Chapter 287, RSMo. See, Section 105.810, RSMo 1978. For purposes of this opinion, we assume that your questions are limited to instances in which the Office of Administration is acting on behalf of state agencies which have elected to be self-insured for purposes of the Workers' Compensation Law, Chapter 287, RSMo.
Your first and third questions will be discussed together since each concerns the obligations of the Office of Administration under the Workers' Compensation Law. Generally, the Office of Administration is responsible for paying the obligations and expenses incurred by state agencies. Funding for the purpose of meeting the obligations incurred by the state agencies electing to self-insure under the Workers' Compensation Law has been provided by appropriation by the General Assembly to the Office of Administration.See, for example, House Bill 5, Section 5.330, 81st General Assembly, First Regular Session (1981); Laws 1980, Section 5.335, page 31; Laws 1979, Section 5.225, page 30; Laws 1978, Section 5.245, page 28.
Section 287.730, RSMo 1978, referring to self-insurers, provides that the director of the Division of Insurance shall make an assessment "similar" to that imposed on insurance carriers under Section 287.690, RSMo 1978, to be collected from self-insurers. Section 287.715.1, RSMo 1978, requires self-insurers to pay a fractional "sum" of total compensation actually paid during the calendar year to provide revenue for the Second Injury Fund. By electing in Section 105.810, RSMo 1978, to include all state employees under the provisions of the Workers' Compensation Law, the General Assembly inferred that the state must assume its share of the cost of administration of the Workers' Compensation Law and the maintenance of the Second Injury Fund for employees of state agencies electing to self-insure. Appropriations to cover these expenses were made by the General Assembly. Therefore, in response to questions 1 and 3, the Office of Administration is required to pay the workers' compensation assessment assessed pursuant to Section 287.730, RSMo 1978, and to pay its share of maintaining the Second Injury Fund pursuant to Section 287.715, RSMo 1978.
With regard to your second question, we conclude that the Office of Administration must file an annual return with the Division of Insurance. Although the mandate to file a return contained in Section 287.710, RSMo Supp. 1981, refers only to the "insurance carrier," and not to the self-insured employer, we believe Section 287.730, infers that the self-insured employer, including state agencies, must fulfill the necessary procedural requirements prior to assessment including the filing of a return with the director of the Division of Insurance.
The provisions of Chapter 287 should be liberally construed with a view towards the public welfare. Section 287.800, RSMo 1978. Section 287.710, RSMo Supp. 1981, demonstrates the legislature's concern with the method of reporting to the director of the Division of Insurance by insurance carriers so that proper assessments can be made to fund the expense of administering Chapter 287 and maintaining the Second Injury Fund. Some method of reporting by self-insurers is also necessary to meet the mandates of the law and protect employees effectively. The filing of a return with the director of the Division of Insurance is a necessary precondition to the assessment of the contribution from self-insured employers. This construction, consistent with the obvious legislative intent, requires the Office of Administration to file a return with the director of the Division of Insurance.
CONCLUSION
It is the opinion of this office that the Office of Administration must pay a workers' compensation assessment assessed by the director of the Division of Insurance pursuant to Section 287.730, RSMo 1978, the Office of Administration must file a return with the director of the Division of Insurance similar to that required by Section 287.710, RSMo Supp. 1981, and the Office of Administration is required to pay the Second Injury Fund Assessment established in Section 287.715, RSMo 1978.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Steven H. Akre.
Very truly yours,
 JOHN ASHCROFT Attorney General